The declarations of Ann Donahoe were clearly admissible to prove the relationship of the lessors of the plaintiff to her. The declarations of a deceased member of a family are admitted as evidence in matters of pedigree, using the word in its largest sense, so as to include marriages and births — for two reasons; it is a matter supposed to be within their knowledge; it is a matter about which they are presumed to be particularly interested to ascertain and declare the truth. Every one, from a feeling of nature, endeavors to know who his relations are, and will seldom declare those to be his kinsmen who are not. Matters of pedigree are difficult of proof, and, after one generation has passed, can rarely be established by better evidence. Declarations of deceased members of a family are received as the best evidence the nature of the case admits, and as tending, most usually, to establish the truth. In this case, besides the above rule of evidence, the declarations of Ann Donahoe are admissible upon the ground that both of the parties claim under her — the lessors of the plaintiff as her alleged heirs, and the defendant as her alleged donee.
PER CURIAM. Judgment reversed, and a venire de novo
awarded.
Cited; S. v. McQueen, 46, N.C. 178; Smith v. R. R., 68 N.C. 116;Paine v. Roberts, 82 N.C. 453; Barnhardt v. Smith, 86 N.C. 484; Bost v.Bost, 87 N.C. 487; Tobacco Co. v. McElwee, 96 N.C. 75; Davidson v.Gifford, 100 N.C. 23; Hodges v. Hodges, 106 N.C. 375; Cameron v. PowerCo. 138 N.C. 367; Sprinkle v. Wellborn, 140 N.C. 181; Bond v. Mfg. Co.,ib., 384. *Page 146 
(193)